# United States District Court

### WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

**George Edward Covington III**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:-12-CR-88

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
- ☒ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the ~~appearance of the defendant as required and~~ the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 42 years old.  Although he began employment three days ago, he had not previously held a job since 2009.  Part of his difficulty in being employed is due to his various incarcerations.

Defendant abuses drugs.  He smokes marijuana up to three times per week and uses crack daily.

Defendant has been sent to jail for the following offenses:  possession of cocaine (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon the unrebutted presumption, and, without reliance on the presumption, defendant's record which demonstrates he has frequently committed other offenses while under the supervision of a court or the MDOC.  There is no reason to believe he would conform his behavior for this court.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 19, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:12-cr-00088-PLM ECF No. 13 filed 04/20/12 PageID.26 Page 2 of 2

United States v. **George Edward Covington III**
1:-12-CR-88
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

less than 25 grams, malicious destruction of property under $100, and retail fraud (twice).

Following these convictions, defendant began serving prison terms for: carrying a concealed weapon (1 to 5 years), delivery of an imitation controlled substance (8 to 24 months), escape from prison (24 to 90 months), uttering and publishing (1 to 14 years in prison), possession of less than 25 grams of cocaine (1 to 5 years).

He has also picked up more recent jail sentences for: providing false information to a police officer, possession of drug paraphernalia, possession of marijuana, retail fraud, driving while license suspended, and possession of narcotics less than 25 grams.

Defendant has not always demonstrated a supervisable attitude:

    a) He was convicted of uttering and publishing while he was on parole from a prior offense.
    b) He was later convicted of possessing marijuana while he was on parole for possession of cocaine.
    c) On March 27, 2009, defendant failed to appear for an order to show cause.
    d) A bench warrant was issued for defendant in February 2010 after he failed to report for probation. He had previously pled guilty in Ottawa County Circuit Court to the charge now pending before this court. While on bond and awaiting sentence in the Ottawa County Circuit Court, he sold $20 worth of crack to an undercover officer.

**Part II - Written Statement of Reasons for Detention** - (continued)